IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHI AIR MEDICAL, L.L.C.

    Plaintiff,

v.                                                               Case No. 2:18-cv-382

NEW MEXICO OFFICE OF SUPERINTENDENT
OF INSURANCE;

JOHN G. FRANCHINI, SUPERINTENDENT OF
INSURANCE, IN HIS OFFICIAL CAPACITY; and

JEREMY RODRIGUEZ-ORTEGA, COMPLIANCE
OFFICER, NEW MEXICO OFFICE OF SUPERINTENDENT
OF INSURANCE, MANAGED HEALTH CARE BUREAU,
IN HIS OFFICIAL CAPACITY

    Defendants.

## COMPLAINT

    Plaintiff PHI Air Medical, L.L.C., by counsel, and for its Complaint against Defendants New Mexico Office of Superintendent of Insurance; John G. Franchini, Superintendent of Insurance, in his official capacity; and Jeremy Rodriguez-Ortega, Compliance Officer, New Mexico Office of Superintendent of Insurance, Managed Health Care Bureau, in his official capacity, states as follows:

### INTRODUCTION

1.     PHI Air Medical, L.L.C. ("PHI") is an aero-medical transportation services ("Transportation Services") provider licensed by the State of New Mexico[1] and certified as a Part

---

[1] *See* PHI New Mexico License, attached as **Exhibit A**.

135 Air Carrier by the Federal Aviation Administration.[2] PHI operates three bases in New Mexico, which are located in Albuquerque, Socorro, and Grants. PHI provides emergency, life-saving Transportation Services to New Mexico residents on-demand, on a 24/7 basis without consideration for the patient's ability to pay.

2.      This case arises from emergency Transportation Services PHI provided to two New Mexico residents. Each were insured by New Mexico Health Connections ("NMHC") at the time PHI rendered the Transportation Services. PHI billed NMHC PHI's usual, customary and reasonable charge for the Transportation Services. For patient R.W., PHI's charges were $46,620.00. For patient R.C., PHI's charges were $47,186.00. The charges for each patient included a base rate of $25,678.00 and $283.00 per loaded mile.[3]

3.      NMHC only reimbursed PHI approximately thirty-three percent of each bill, which amounted to payments of $15,658.86 and $15,708.86 respectively. PHI appealed the deficient reimbursement to NMHC in each case. NMHC denied the appeals, and upheld its unilateral decisions as to the appropriate payment for the Transportation Services. Accordingly, PHI billed each patient for the difference between PHI's billed charges and the amount NMHC paid on the bills (a practice known as "Balance Billing").

4.      Thereafter, the patients submitted grievances to OSI challenging NMHC's failure to pay the medical bills for the Transportation Services and contesting NMHC's obligation to pay PHI the balance NMHC refused to pay. PHI was not named as a party to the challenges before OSI, and was not notified of either grievance. In both cases, the OSI Defendants held that the New Mexico Patient Protection Act, NMSA § 59A-57-4; NMSA § 59A-22A-5; and Section 13.10.21.8(D)(6) NMAC (referred to collectively herein as the "Insurance Laws") prohibited

---

[2] *See* PHI Air Carrier Certificate, attached as **Exhibit B**.
[3] A "loaded mile" is a mile in which the patient is physically present in the helicopter ambulance. PHI does not charge for mileage from the base to the point of pick-up and from the drop-off point back to the base.

PHI from balance billing the patients.  The order in R.W.'s case was entered on June 28, 2017.[4]

The order in R.C.'s case was entered on October 25, 2017.[5]  The OSI Defendants also issued Bulletin 2017-009 on July 31, 2017, which restated OSI's position that the Insurance Laws "prohibit balance billing for out-of-network emergency care for persons covered by managed health care and preferred provider plans."[6]

5. PHI agrees with the patients that NMHC is obligated to pay the balance of the bills in each case.  However, the Insurance Laws do not prohibit PHI from balance billing a patient if a managed health care plan refuses to pay PHI's usual, customary and reasonable charge for out-of-network emergency Transportation Services.  The OSI Defendants are misinterpreting the Insurance Laws and are enforcing them to prohibit PHI's ability to balance bill in violation of the preemption provision of the federal Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) (the "ADA").

6. Accordingly, PHI seeks declaratory relief from this Court holding that the Insurance Laws do not prohibit PHI's ability to balance bill when PHI provides out-of-network emergency Transportation Services, as they are preempted by the ADA.

## THE PARTIES

7. PHI is a limited liability company doing business as an air ambulance provider in New Mexico and has a principal place of business located at 2800 N. 44th Street, Suite 800, Phoenix, AZ 85008.

8. OSI is the New Mexico state agency tasked with supervising the insurance industry within the state and enforcing the New Mexico Insurance Code.

---

[4] *See* R.W. Order, attached as **Exhibit C**.
[5] *See* R.C. Order, attached as **Exhibit D**.
[6] *See* OSI Bulletin 2017-009, attached as **Exhibit E**.

9. John D. Franchini is Superintendent of Insurance. He is a defendant in his official capacity only.

10. Jeremy Rodriguez-Ortega is Compliance Officer, New Mexico Office of Superintendent of Insurance, Managed Health Care Bureau. He is a defendant in his official capacity only.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this case involves a substantial federal question: whether the ADA[7] preempts the New Mexico Insurance Laws, as the OSI Defendants are enforcing the Insurance Laws to prohibit PHI from Balance Billing patients insured under New Mexico managed care and preferred provider plans.

12. This Court also has subject matter jurisdiction under 28 U.S.C. § 1337, because this matter arises under the ADA, which is an act of Congress that regulates commerce.

13. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b) because all OSI Defendants reside in New Mexico.

## FACTS

### PHI's Operations

14. PHI is an air ambulance company registered in Louisiana and headquartered in Phoenix, Arizona.

15. PHI provides Transportation Services in multiple states across the United States, including New Mexico.

16. Many of PHI's New Mexico transports are for patients who are insured by New Mexico managed care and preferred provider plans. Accordingly, the managed care or preferred provider plan must reimburse PHI for the Transportation Services.

---

[7] 49 U.S.C. § 41713(b)(1),

17.     PHI operates pursuant to an air carrier operating certificate issued by the Federal Aviation Administration ("FAA") under 49 C.F.R. Part 119.  This authorizes on-demand service in accordance with the FAA's rules in 49 C.F.R. Part 135.[8]

18.     PHI is also licensed by New Mexico to operate an air ambulance service.[9]

19.     PHI transports patients interstate when necessary.

### The ADA

20.     In 1978, Congress enacted the ADA, after having determined that "'maximum reliance on competitive market forces' would best further 'efficiency, innovation, and low prices' as well as 'variety [and] quality of air transportation services.'"  *Morales v. Trans World Airlines, Inc.*, 502 U.S.  374, 378 (1992)(quoting 49 U.S.C. App. §§ 1302(a)(4), 1302(a)(9)).

21.     To ensure that the States would not undo federal deregulation with regulation of their own, Congress included a broad preemption provision in the ADA which states "[A] State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."  49 U.S.C.  § 41713(b)(1).

22.     By virtue of this provision, the ADA "displaces all state laws that fall within its sphere, even including states laws that are consistent" with the ADA, *Morales*, 504 U.S. at 386, if they are "related to a price, route, or service of an air carrier." 49 U.S.C.  § 41713(b)(1).

23.     The ADA's preemption provision applies to "air carriers that may provide air transportation." *Id*.  The ADA defines "air carrier" as "a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation." 49 U.S.C.  § 40102(a)(2).

---

[8] *See* PHI Air Carrier Certificate, attached as **Exhibit B.**
[9] *See* PHI New Mexico License, attached hereto as **Exhibit A.**

The ADA defines "air transportation" as "foreign air transportation, interstate air transportation, or the transportation of mail by aircraft." 49 U.S.C. § 40102(a)(5). "Interstate air transportation" means the transportation of passengers or property by aircraft as a common carrier for compensation between a place in a State, territory, or possession of the United States and a place in the District of Columbia or another State, territory, or possession of the United States." *Id.* Thus, an air carrier is: (1) a citizen of the United States; (2) that provides interstate transportation; (3) as a common carrier for compensation.

24. PHI satisfies each of the three requirements and qualifies as an air carrier under the ADA. First, PHI is a citizen of the United States, as PHI is a limited liability company organized under the laws of Louisiana.[10] PHI is authorized by the Federal Aviation Act, 49 USC §§ 40101 *et seq.,* to operate as a Part 135 air carrier providing on-demand, interstate air ambulance services.[11] Finally, PHI satisfies the definition of "common carrier." Thus, PHI satisfies the statutory definition of "air carrier" under the ADA.

25. The fact that air ambulances are air carriers under the ADA is also well-settled in case law across the country. *See, e.g.*, *PHI Air Medical, LLC v. Texas Mutual Insurance Company, et. al.*, 2018 Tex. App. LEXIS 849, at *16-17 (Tx. Ct. App. January 31, 2018) ("We conclude that an air-ambulance service, as an air taxi operator, is an air carrier that may provide air transportation under Subpart II, 49 U.S.C. § 41101(a) . . ."); *see also, EagleMed LLC, v. Wyoming ex rel. Dep't of Workplace Servs.*, 227 F. Supp 3d 1255, 1277-78 (D. Wyo. 2016) (finding that air ambulances are air carriers under the ADA); *Med-Trans Corp. v. Benton*, 581 F. Supp. 2d 721, 732-33 (E.D.N.C. 2008) (holding that air ambulances are common carriers subject to the preemption provision of the ADA); *Air Evac EMS, Inc. v. Cheatham*, 2017 U.S. Dist.

---

[10] *See* PHI Louisiana Secretary of States Information, attached hereto as **Exhibit F.**
[11] *See* PHI Air Carrier Certificate, attached as **Exhibit B**; A Part 135 Certificate authorizes an air carrier to operate interstate flights.

LEXIS 174083, at *16-17 (S.D.W.Va Oct. 20, 2017)[12] ("Air Evac's practice of providing emergency air ambulance services indiscriminately when called upon by third party professionals, together with its certification as an air carrier by the DOT and court cases affirming this status, qualify Air Evac as an air carrier under the ADA").

26.     Thus, PHI is an air carrier under the ADA, and no state can "enact or enforce a law, regulation, or other provision having the force and effect of law related to" PHI's "price, route, or service."

### Transportation Services to Patient R.W.

27.     On April 11, 2016, PHI provided Transportation Services to patient R.W. from Grants, New Mexico to Presbyterian Hospital in Albuquerque, New Mexico after the patient suffered a stroke.

28.     R.W. was insured by NMHC at the time PHI provided the Transportation Services.

29.     PHI billed NMHC $46,620.00 for R.W.'s Transportation Services. The charges included a $25,678.00 base rate and $283.00 per loaded mile for the 74-mile transport. The charges were commensurate with PHI's usual, customary and reasonable charge for all New Mexico transports in 2016.

30.     NMHC reimbursed PHI $15,658.86 for the Transportation Services.

31.     PHI appealed the deficient reimbursement internally with NMHC on May 13, 2016. R.W. also appealed the reimbursement decision internally on November 7, 2016 and December 9, 2016. NMHC refused to pay PHI any additional reimbursement. Accordingly, PHI billed R.W. for the balance that NMHC refused to pay.

---

[12] This matter is currently on appeal in an action styled *Air Evac EMS, Inc. v. Cheatham*, Case No. 17-2349, United States Court of Appeals for the Fourth Circuit.

32.     R.W. filed an external review request with OSI, pursuant to 13.10.17.23 NMAC, on January 25, 2017.

33.     The OSI Defendants held that the Insurance Laws prohibited PHI from Balance Billing R.W., and accordingly, R.W. was not liable for the balance on his account.

34.     The OSI Defendants did not hold NMHC liable for the balance of R.W.'s account, and as a result PHI was harmed in the amount of $30,861.14.

### Transportation Services to Patient R.C.

35.     On June 7, 2016, PHI provided Transportation Services to patient R.C. from Socorro General Hospital to Heart Hospital of New Mexico in Albuquerque, New Mexico after the patient experienced an episode of diabetic Ketoacidosis.

36.     R.C. was insured by NMHC at the time PHI provided the Transportation Services.

37.     PHI billed NMHC $47,186.00 for R.C.'s Transportation Services.  The charges included a $25,678.00 base rate and $283.00 per loaded mile for the 76-mile transport.  The charges were commensurate with PHI's usual, customary and reasonable charge for all New Mexico transports in 2016.

38.     NMHC reimbursed PHI $15,708.86 for the Transportation Services.

39.     PHI appealed the deficient reimbursement internally with NMHC on August 1, 2016, October 17, 2016, and November 22, 2016.  PHI also filed a grievance with OSI regarding the underpayment on January 10, 2017.  NMHC refused to pay PHI any additional reimbursement. Accordingly, PHI billed R.C. for the balance that NMHC refused to pay.

40.     R.C. filed an external review request with OSI, pursuant to 13.10.17.23 NMAC, on January 24, 2017.

41.     The OSI Defendants held that the Insurance Laws prohibited PHI from Balance Billing R.C., and accordingly, R.C. was not liable for the balance on his account.

42.     The OSI Defendants did not hold NMHC liable for the balance of R.C.'s account, and as a result PHI was harmed in the amount of $31,477.14.

### The New Mexico Insurance Laws

43.     The OSI Defendants' application and enforcement of the Insurance Laws to prohibit PHI from Balance Billing violates the ADA preemption provision.

44.     Specifically, the OSI Defendants' position is that because the Insurance Laws mandate that managed care organizations hold their patients harmless for out-of-network emergency services, the Insurance Laws necessarily prohibit an out-of-network provider from Balance Billing.[13]

45.     The Insurance Laws state as follow:

(a)     NMSA § 59A-57-4, which is a New Mexico statute applicable to OSI, not healthcare providers, states in relevant part, "The regulations adopted by [OSI] to protect patient rights shall provide at a minimum that: . . . (d) emergency care is immediately available without prior authorization requirements, and appropriate out-of-network emergency care is not subject to additional costs; . . ."

(b)     NMSA § 59A-22A-5, which is a New Mexico statute applicable to New Mexico health benefit plans, not healthcare providers, states in relevant part,

> Health care insurers may issue health benefit plans which provide for incentives for covered persons to use the health care services of preferred providers. Such policies or subscriber agreement shall contain at least the following provisions:
>
> (1) a provision that if a covered person receives emergency care for services specified in the preferred provider arrangement and

---

[13] *See* OSI Bulletin, 2017-009, attached hereto as **Exhibit E**.

>
> cannot reasonably reach a preferred provider that emergency care rendered during the course of the emergency will be reimbursed as though the covered person had been treated by a preferred provider
> . . .

(c) 13.10.21.8 NMAC, which is a New Mexico regulation that applies to health maintenance organizations, not healthcare providers, states in relevant part:

> A health care insurer offering basic health care services through an HMO shall provide or shall arrange for the following medically necessary basic health care services for its covered persons
>
> . . .
>
> (D) Emergency and urgent care services. Emergency and urgent care services shall include:
>
> . . .
>
> (6) no prior authorization shall be required for emergency care. In addition, appropriate out-of-network emergency care shall be provided to a covered person without additional cost; . . .

46. The Insurance Laws as applied by the OSI Defendants do not prohibit air ambulance providers like PHI from Balance Billing because the ADA preempts the OSI Defendants from enforcing a state law or regulation related to a price of an air carrier.

## CAUSE OF ACTION

### DECLARATORY RELIEF THAT OSI DEFENDANTS' ENFORCEMENT OF THE INSURANCE LAWS TO PREVENT PHI FROM BALANCE BILLING VIOLATES THE ADA PREEMPTION PROVISION

47. Paragraphs 1 through 46 of the Complaint are realleged and incorporated herein by reference.

48. An actual dispute exists regarding whether OSI can enforce the Insurance Laws to prevent PHI from Balance Billing.

49. The ADA expressly preempts the enforcement of the Insurance Laws in an attempt to restrict the prices of a certified air carrier. 49 U.S.C. § 41713(b)(1).

50. PHI is a certified air carrier under the ADA.

51. The OSI Defendants are enforcing the Insurance Laws to restrict PHI's ability to Balance Bill their patients.

52. The OSI Defendants' enforcement of the Insurance Laws to restrict PHI's ability to Balance Bill their patients violates the ADA preemption provision. 49 U.S.C. § 41713(b)(1).

53. Pursuant to Article VI of the U.S. Constitution, 49 U.S.C. § 41713(b)(1), and 28 U.S.C. § 2201, PHI requests that this Court declare the Insurance Laws, and any other section, rule, or regulation that the OSI Defendants attempt to enforce to limit the price or rate that PHI can collect for its Transportation Services, to be preempted, inapplicable and unenforceable, as PHI is an ADA air carrier.

## PRAYER FOR RELIEF

NOW THEREFORE, PHI requests that judgment be entered in its favor and against Defendants as follows:

1. Declaratory judgment in favor of PHI against the OSI Defendants that pursuant to the preemption provision of the ADA, the Insurance Laws as applied by the OSI Defendants do not prohibit out-of-network air ambulance providers from Balance Billing patients;

2. Declaratory judgment in favor of PHI against the OSI Defendants that the Insurance Laws, and any other section, rule, or regulation that OSI attempts to enforce to limit the price or rate for PHI's Transportation Services, are preempted, inapplicable and unenforceable as they relate to air carriers, like PHI, and to permanently enjoin the OSI Defendants from enforcing such statutes and regulations against air carriers, like PHI, that hold a Part 135 Air Carrier Certificate;

3. Judgment in favor of PHI for any other relief to which it may be entitled.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: /s/ David W. Bunting
      David W. Bunting
Post Office Box 1888
Albuquerque, New Mexico 87103-1888
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
E-mail: dbunting@rodey.com
*Counsel for Plaintiff PHI Air Medical, L.L.C.*