**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**PHI AIR MEDICAL, LLC,**

    **Plaintiff,**

**vs.**                            **Case No. 18 CV 382 JAP/SCY**

**NEW MEXICO OFFICE OF SUPERINTENDENT**
**OF INSURANCE,**
**JOHN G. FRANCHINI, Superintendent of Insurance**
**in his official capacity, and**
**JEREMY RODRIQUEZ-ORTEGA, Compliance Officer,**
**New Mexico Officer of Superintendent of Insurance, Managed**
**Health Care Bureau, in his official capacity,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**
**DEFENDANT JEREMY RODRIGUEZ-ORTEGA**
**PURSUANT TO FED. R. CIV. P. 21**

In the DEFENDANTS' MOTION TO DISMISS DEFENDANT JEREMY RODRIGUEZ-ORTEGA PURSUANT TO FED. R. CIV. P. 21 (Motion), the New Mexico Office of Superintendent of Insurance (the OSI), John G. Franchini, (Superintendent Franchini), and Jeremy Rodriguez-Ortega (Rodriguez-Ortega) (together, Defendants) ask the Court to dismiss Mr. Rodriguez-Ortega under Rule 21. PHI Air Medical, Inc. (Plaintiff) does not oppose the Motion. See PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS DEFENDANT JEREMY RODRIGUEZ-ORTEGA (Response). The Court will grant the Motion.

I.      PROCEDURAL BACKGROUND

On May 3, 2018, Plaintiff's counsel received a letter from Defendants' counsel asking Plaintiff to voluntarily dismiss Mr. Rodriguez-Ortega because "Mr. Rodriguez-Ortega is not a

1

necessary party." (Resp. at 1.) Plaintiff states that after "informal discussions and communications between the parties regarding voluntary dismissal of Mr. Rodriquez-Ortega[,]" Defendants filed the Motion under Rule 21. (*Id.* at 2.) In its Response, Plaintiff indicates that now that it has been informed of the legal basis for dismissal, it does not oppose the Motion. (*Id.*)

In the Motion, Defendants maintain that Plaintiff's counsel "did not provide counsel for Defendants the courtesy of a response" to Defendants' May 3, 3018 letter. (Mot. at 2.) Defendants do not discuss whether the parties had informal discussions about dismissing Mr. Rodriquez-Ortega as Plaintiff asserts. Defendants further contend that their counsel sent an email on June 15, 2018 requesting that Plaintiff redact patient's names from the Orders attached to the Complaint and that Plaintiff voluntarily dismiss Mr. Rodriguez-Ortega as a defendant. (*Id.*) Defendants state that Plaintiff did not respond to the June 15, 2018 email. At the July 3, 2018 scheduling conference, Magistrate Judge Steven C. Yarbrough asked the parties to confer about dismissal of Mr. Rodriguez-Ortega and said that Defendants could file a motion to dismiss if no agreement could be reached. CLERK'S MINUTES (Doc. No. 26). Plaintiff's local counsel apparently told Defendants' counsel that he would confer with Plaintiff's out-of-state counsel about dismissing Mr. Rodriguez-Ortega. Defendants represent that "[a]s of the filing of this motion, no further word has been received from Plaintiff's counsel." (*Id.* at 2–3.) Defendants then assert that "Plaintiff's counsels' silence and refusal to communicate on this issue for nearly three months" can be interpreted as "opposition to the Motion." (*Id.* at 3.)

The Court is troubled by the actions of counsel for both Plaintiff and Defendants. Defendants did not comply with Local Rule 7.1(a) requiring them to "determine whether a motion is opposed[;]" therefore, the Court may summarily deny the Motion. D.N.M. LR-Civ. 7.1(a). Moreover, it appears that counsel on both sides have acted unprofessionally. Plaintiff's

counsel complain about opposing counsel's lack of candor in Defendants' requests to dismiss Mr. Rodriguez-Ortega, and Defendants' counsel complains about opposing counsel's non-responsiveness to the May 3, 2018 letter and the June 15, 2018 email. More important, neither side represents that counsel complied with Magistrate Judge Yarbrough's request to confer regarding the dismissal of Mr. Rodriguez-Ortega. This Court holds counsel to the highest professional standards, and at this point, the Court does not look favorably on the position of either side.

Nevertheless, the Court will grant the Motion on the merits, and the Court will require all counsel to file affidavits by September 5, 2018 stating that they have read and will comply with the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico and "A Creed of Professionalism of the New Mexico Bench and Bar." See D.N.M. LR-Civ. 83.9.

II.     DISCUSSION

Defendants move to dismiss Mr. Rodriquez-Ortega under Rule 21 because this action involves the interpretation of the New Mexico Insurance Code, which Superintendent Franchini is responsible to enforce. (Mot. at 1.) Rule 21 provides,

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

In the COMPLAINT (Doc. No. 1) (Complaint), Plaintiff claims that Superintendent Franchini has misapplied New Mexico and federal law in a decision  prohibiting Plaintiff from billing patients for the "usual, customary and reasonable charge for out-of-network emergency Transportation Services" if a "managed health care plan refuses to pay" the bill in full. (*Id.* ¶ 5.)

Plaintiff alleges that Superintendent Franchini is unlawfully "enforcing [New Mexico Insurance Laws] to prohibit PHI's ability to balance bill in violation of the preemption provision of the federal Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) (the "ADA")." The ADA provides that "a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier[.]" 49 U.S.C. § 41713(b)(a)(1). Specifically, Plaintiff asks for a judgment declaring that "the Insurance Laws [of New Mexico] as applied by the OSI Defendants [cannot] prohibit out-of-network air ambulance providers from Balance Billing patients[.]" (Compl. at p. 11.) Plaintiff also asks for a declaratory judgment "that the Insurance Laws [of New Mexico], and any other section, rule, or regulation that OSI attempts to enforce to limit the price or rate for [Plaintiff's] Transportation Services, are preempted, inapplicable and unenforceable as they relate to air carriers, like [Plaintiff]." (*Id.*) Finally, Plaintiff asks the Court to permanently enjoin the OSI Defendants from enforcing such statutes and regulations against air carriers, like [Plaintiff], that hold a Part 135 Air Carrier Certificate." (*Id.*)

At the relevant time, Mr. Rodriquez-Ortega was a Compliance Officer in the Managed Health Bureau of the OSI. (Mot. at 2.) Plaintiff's Complaint makes no specific allegation against Mr. Rodriquez-Ortega, and his only connection with this matter is that his signature appears on a cover letter sent to Plaintiff with Superintendent Franchini's Order (attached to the Complaint as Exhibit C). In that Order, Superintendent Franchini upheld an internal administrative decision by New Mexico Health Connections that prohibited Plaintiff from billing a patient for the remainder of the amount charged for Plaintiff's services that was not covered by the patient's plan—called "balance billing." See Complaint, Ex. C, *R.W. v. New Mexico Health Connections*, No. 17-00023-EXTR-ADMIN, ORDER GRANTING REQUEST FOR EXTERNAL REVIEW (June

28, 2017). In the cover letter to Plaintiff, Mr. Rodriguez-Ortega stated, "should you have questions or concerns about the Order, you may contact me[.]" There is no allegation, however, that Mr. Rodriguez-Ortega took part in preparing or enforcing that Order or was involved with any other decision at issue in this case. Defendants maintain that a judgment in this case will bind Superintendent Franchini and all employees of the OSI; thus, "there is no need to have Rodriguez-Ortega in this case." (Mot. at 2.)

"Rule 21 allows the court to dismiss parties 'on such terms as are just,' thus granting considerable discretion to the trial court." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998). Rule 21 is the proper vehicle for dismissing parties when "no relief is demanded from … or no claim of relief is stated against [them]." *Moubry v. Kreb*, 58 F.Supp.2d 1041, 1048 (D. Minn. 1999). *See also Ravenswood Inv. Co. v. Avalon Correctional Services*, 651 F.3d 1219, 1226 (10th Cir. 2011) (remanding case to district court to determine whether non-diverse parties should be dropped under Rule 21 or whether parties are indispensable); *and Waconda ex rel. Estate of Leon v. United States et al.*, No. Civ. 06-0101 JB/ACT, 2006 WL 4109670, at * 3 (D. N.M. Aug. 28. 2006) (granting motion to dismiss party under Rule 21 because the party "cannot be liable for the activities that occurred before it was created."). Because Plaintiff has requested declaratory and injunctive relief only against the OSI and Superintendent Franchini in his official capacity, it is appropriate to drop Mr. Rodriguez-Ortega as a party under Rule 21.

IT IS ORDERED that

1. Defendant Jeremy Rodriguez-Ortega is dismissed from this action under Fed. R. Civ. P. 21; and

2.  By September 5, 2018, each attorney who has entered an appearance in this case must file an affidavit certifying that the attorney has read and will comply with the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico and "A Creed of Professionalism of the New Mexico Bench and Bar."

_____
SENIOR UNITED STATES DISTRICT JUDGE